

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIRK LEE LONEY,

    Plaintiff,

v.                                    Civil Action No. 3:11CV845

UNITED STATES OF AMERICA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Kirk Lee Loney, a former federal inmate at the Federal Correctional Center in Petersburg ("FCC") filed this action under Bivens[1] and the Federal Tort Claim Act ("FCTA"), 28 U.S.C. §§ 1346, 2671, et seq. The matter is before the Court for evaluation pursuant to Federal Rule of Civil Procedure Rule 8(a), 20(a),[2] a Motion to Dismiss filed by the United States, and a host of other motions filed by the parties. For the reasons set forth below, the Court will, inter alia, dismiss all parties except the United States as improperly joined, and direct

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
    **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).



further briefing with respect to the Motion to Dismiss for lack of subject matter jurisdiction.

## I. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

2

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." George, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act ("PLRA")] include review for compliance with Rule 20(a)." Coles v. McNeely, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing George, 507 F.3d at 607). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to

3

ensure that prisoners pay the required filing fees." Id. (citing 28 U.S.C. § 1915(g)); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face off the letter and spirit of the PLRA.")

The Court has previously admonished Loney with respect to the requirements of the civil procedure rules regarding joinder. See Loney v. Wilder, No. 3:08CV820, 2011 WL 1827440, at *1-4 (E.D. Va. May 12, 2011). Nevertheless, Loney fails to comply with the requirements for proper joinder in his Particularized Complaint or his Proposed Amended Complaints (ECF Nos. 52-1, 55-1, 56-1)

## II. IMPROPERLY JOINED CLAIMS

### A. Procedural History

Loney's original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rested. Therefore, by Memorandum Order entered on September 24, 2013, the Court directed Loney to file a particularized complaint. (ECF No. 25.) Subsequently, Loney submitted his Particularized Complaint (ECF No. 28) and the Court attempted to serve the parties named therein.

4

Thereafter, the United States moved for an extension of time to respond on behalf of the individual defendants (ECF No. 44) and subsequently moved to dismiss all claims against the United States for lack of subject matter jurisdiction. (ECF No. 46.) Loney responded to the Motion to Dismiss (ECF No. 54) and also moved to file new amended complaints. (ECF Nos. 52, 55, 56) As explained below, the Particularized Complaint and the Proposed Amended Complaints fail to comply with the joinder requirements. Accordingly, the Court will drop all parties from the action, except for the first named party, the United States, and deny Loney's Motions to Amend (ECF Nos. 52, 55, 56) as futile.

**B. Summary Of Allegations And Claims**

The Particularized Complaint names the United States and sixteen individuals as defendants. The Particularized Complaint essentially contains a running list of Loney's grievances against prison officials during his incarceration from 2008 until 2013. For example, Loney begins by complaining about a variety of problems with his incoming and outgoing mail in 2008 until 2010 caused by, inter alia, Mail Clerk Croomes. (Part. Compl. 1-4.)[3] Next, Loney contends that on September 1, 2010

---

[3] The Court employs the page numbers assigned to the Particularized Complaint by the Court's CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations to Loney's submissions.

5

"Counselor Cuffee conspired with Unit [Manager] Tabor, and A.W. Engel and wrote [Loney up for an institutional infraction] for unsanitary conditions . . . ." (Id. at 4.) Loney then backtracks and charges that on July 3, 2010 "Officer Ms. K. Blankenshift showed preferential treatment and retaliated against plaintiff by denying him access to the law library and allowing another inmate to enter." (Id. at 5.) Loney then returns to complaining about his interactions with Mail Clerk Croomes and Mail Clerk Stewart. (Id. at 6-7 ("August 11, 2011, Mail Clerk Croomes harassed me and snarled at me then jumped at me and refused to mail all my mail.").) On page eight, Loney launches into complaints about his dental problems caused or exacerbated by Dentists McDonald and Roache. (Id. at 8.) Loney follows this up by describing an incident where he was assaulted by Ricky Lee, a fellow inmate. (Id. at 9-10.) Loney contends that Lee was "carrying out the deeds of Cuffee . . . .". (Id. at 10.)

Loney insists that all of the defendants were involved in a conspiracy to deprive him of his constitutional rights and violated a variety of his constitutional rights. (Id. at 13-14.) Thereafter, Loney contends he is entitled to bring an action under the FTCA for the "intentional invasion of privacy." (Id. at 15.)

## C. Dismissal Of Improperly Joined Claims And Parties

It is apparent that Loney has submitted the sort "mishmash of a complaint" that the rules governing the joinder of parties aim to prevent. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Although Loney alleges that a conspiracy exists among all the defendants, Loney has not stated any plausible claim of a conspiracy to deprive Loney of his civil rights. Because Loney's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Gooden v. Howard Cnty., Md., 954 F.2d 960, 969-70 (4th Cir. 1992)); see Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy)(citing Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

In order to satisfy his pleading burden with respect to a conspiracy, Loney "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory allegation

7

that the [D]efendants conspired to violate his constitutional rights" is insufficient. Id. Accordingly, Loney's broad claims of an overarching conspiracy, which encompasses all of the named defendants, will be dismissed without prejudice.

Absent a plausible claim of conspiracy, Loney has failed to articulate a common question of law and fact for all of the named defendants. See Fed. R. Civ. P. 20(a). Furthermore, it is apparent that Loney's various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Id.

Accordingly, the Court will begin its analysis with the first defendant named in the Particularized Complaint, the United States, and drop every defendant not properly joined with that defendant. See Loney v. Wilder, No. 3:08CV820, 2011 WL 1827440, at *3 (E.D. Va. May 12, 2011) (employing a similar procedure); Jackson v. Olsen, No. 3:09cv43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (describing remedies available for misjoinder and failure to comply with Fed. R. Civ. P. 8(a) and 41(b)). Loney seeks damages against the United States under the FTCA for the invasion of his privacy. Loney fails to articulate how his FTCA claim raises common questions of law and fact with his constitutional claims against the individual defendants. Moreover, given the disjointed nature of the Particularized Complaint and his Proposed Amended Complaints, permitting

joinder of Loney's constitutional claims with his FTCA claim will not promote convenience and expedite the resolution of the matter, "but will result in prejudice, expense, or delay.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)). Accordingly, the Court dismisses without prejudice all of Loney's claims except for his FTCA claim against the United States. See Jackson, 2010 WL 724023, at *8 n.7 (explaining that, in light of Virginia's tolling provision, dismissal without prejudice of the plaintiff's constitutional claims failed to create problems with respect to the statute of limitations). Loney remains free to refile these dismissed claims, but any new complaint must still comply with Rules 8(a) and 20(a).

Loney's Proposed Amended Complaints (ECF Nos. 52-1, 55-1, 56-1) suffer from the same joinder problems as his Particularized Complaint. Accordingly, it would be futile to permit Loney to proceed on such complaints and therefore, his Motions to Amend (ECF Nos. 52, 55, 56) will be denied. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).

## III. THE MOTION TO DISMISS

The United States argues that the Court lacks subject matter jurisdiction over Loney's FTCA claim because Loney failed to exhaust his administrative remedies as required by the FTCA. The United States is immune from suit except to the extent it consents by statute to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). The FTCA acts as a limited waiver of sovereign immunity, by permitting tort suits against the government. Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). Under the FTCA, the government consents to "actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law." Id. (citing 28 U.S.C. § 1346(b)). Nevertheless, courts must "scrupulously observe[ ]" the requirements for securing the government's waiver. Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citing United States v. Kubrick, 444 U.S. 111, 117-18 (1979)). Hence, a plaintiff must file his or her FTCA action "in careful compliance with its terms." Id. (citation omitted).

Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal

agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) (citing Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976)). Thus, Loney must demonstrate that he has properly presented an administrative claim in order to secure the Government's consent to suit. See Kokotis, 223 F.3d at 278.

According to the pertinent regulation for FTCA claims, an administrative claim is deemed presented,

> when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). The Court notes that an inmate's use of the BOP's Administrative Remedy Program, see 28 C.F.R. § 542.10 et seq., fails to satisfy the requirement for presenting an administrative claim under the FTCA. See Ellis v. United States, No. 5:11-cv-00096, 2013 WL 4679933, at *15 n.4 (S.D. W. Va. Aug. 30, 2013).

Here, the Government notes that Loney filed only a single administrative tort claim with the Bureau of Prisons ("BOP") during his term of incarceration with the BOP. (Mem. Supp. Mot. Dismiss 4.) The administrative tort claim Loney filed with the BOP related "to a personal injury which allegedly occurred on July 23, 2008." (Id. (citing Ex. 1 (Declaration of Cornelia Coll ("Coll Decl.") ¶ 9, Attach. 6).) The Government then argues that because Loney's Particularized Complaint fails to raise any tort claim based on a July 23, 2008 injury, he has failed to comply with the FTCA's requirement that, before bringing a FTCA claim, he must file an administrative claim with the appropriate federal agency. (Id. at 4.)

Loney responds that, on or about October 31, 2010, he filed an administrative claim with the United States Postal Service, wherein he complained:

> On and about July 19th and August 25th, 2010 F.C.C. Petersburg's Staff and Petersburg, Virginia's U.S.P.S., as a joint tortfeasor breached their duty to provide prompt, reliable, and efficient service by committing acts of fraud and conspiracy to deprive plaintiff of his civil and constitutional rights by not allowing the courts to utilize P.O. box 90043 as a mailable [sic] address to him. See attachment.

(Resp. Mot. Dismiss Ex. 3, at 2, ECF No. 54.) In his attachments, Loney then makes a series of rambling complaints about how the staff at FCC Petersburg handled his mail. (Id. at 3-5.) Loney also submits the United States Postal Service's

12

denial of his administrative tort claim (id. Ex. 6, at 1), and the United States Postal Service's denial of his request for reconsideration (id. Ex. 5, at 1). The Government fails to acknowledge these submissions with respect to its assertion that Loney failed to submit an administrative claim with respect to any FTCA claim raised in the Particularized Complaint. Accordingly, within fifteen (15) days of the date of entry hereof, the United States shall submit a further response which addresses the legal significance of the above submissions to the Postal Service with respect to its assertion that the Court lacks jurisdiction over Loney's FTCA claim.

## IV. OUTSTANDING MOTIONS

The Government has moved for an extension of time to respond to the Particularized Complaint on behalf of the individual defendants. As the Court has dismissed without prejudice all claims against the individual defendants, the Motion for Extension of Time (ECF No. 44) will be denied as moot. Relatedly, Loney's Motion to Compel Production of Documents (ECF No. 45), wherein he demands that the Government identify the John Doe defendants and provide addresses for the unserved defendants, will be dismissed as moot.

Loney has moved for the appointment of counsel. (ECF No. 50.) Loney fails to demonstrate that the circumstances

warrant the appointment of counsel at this juncture. See United States v. Silvers, No. 96-7386, 1997 WL 33104, at *1 (4th Cir. Jan. 28, 1997) (denying motion for appointment of counsel on FTCA appeal because the matter "present[ed] no complex or substantial issues of law").

Loney has requested that the Court seal his latest proposed amended complaint. (ECF No. 56.) Loney fails to advance any coherent reason to seal this document. Moreover, his request fails to comply with the Local Rules for the United States District Court for the Eastern District of Virginia that require an accompanying memorandum, a notice identifying the motion as a sealing motion, and a proposed order. See E.D. Va. Loc. Civ. R. 5(C). Accordingly, Loney's request to seal (ECF No. 56) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Loney and counsel for the United States.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 25, 2014