

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIRK LEE LONEY,

    Plaintiff,

v.                                Civil Action No. 3:11CV845

UNITED STATES OF AMERICA, et al.,

    Defendants.

**MEMORANDUM OPINION**

    Kirk Lee Loney, a former federal inmate at the Federal Correctional Center in Petersburg ("FCC") filed this action under Bivens[1] and the Federal Tort Claim Act ("FCTA"), 28 U.S.C. §§ 1346, 2671, et seq. The matter is proceeding on Loney's Particularized Complaint (ECF No. 28). The Particularized Complaint essentially contains a running list of Loney's grievances against prison officials during his incarceration from 2008 until 2013. By Memorandum Opinion and Order entered on November 26, 2014, the Court concluded that the Particularized Complaint failed to conform with the pertinent rules requiring joinder of parties and claims. (ECF Nos. 58, 59.) Therefore, the Court dismissed without prejudice all of Loney's claims except for his FTCA claim against the United

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

States. The Court ordered further briefing by the United States with respect to Loney's FTCA claims.

For the reasons set forth below, the Court will dismiss the action for the lack of jurisdiction. Specifically, the record reflects that, for Loney's FTCA claim, the only pertinent administrative claim Loney filed with the Government sought damages for misconduct with respect to Loney's mail. The United States, however, has not waived sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b)

## I. PERTINENT FACTS REGARDING LONEY'S FTCA CLAIM

### A. The Government's Argument

Loney contends that he is entitled to bring an action under the FTCA for the "intentional invasion of privacy." (Part. Compl. 15.)[2] Loney bases this claim on the grounds that government employees, inter alia, opened his mail and failed to deliver his mail. (ECF No. 28-2, at 2-5.) The United States argues that the Court lacks subject matter jurisdiction over Loney's FTCA claim because, inter alia, Loney failed to exhaust

---

[2] The Court corrects the capitalization in the quotations from Loney's submissions. Given the lack of coherent organization to Loney's Particularized Complaint and the attachments thereto, the Court employs the pagination and attachment numbering assigned by the Court's CM/ECF docketing system.

2

his administrative remedies as required by the FTCA. In its initial Motion to Dismiss, the Government noted that Loney filed only a single administrative tort claim with the Bureau of Prisons ("BOP") during his term of incarceration with the BOP. (Mem. Supp. Mot. Dismiss 4, ECF No. 47.) The administrative tort claim Loney filed with the BOP related "to a personal injury which allegedly occurred on July 23, 2008" and failed to implicate any of the allegations in the present action. (Id. (citing Ex. 1 (Declaration of Cornelia Coll ("Coll Decl.") ¶ 9, Attach. 6).) The Government then argued that because Loney's Particularized Complaint failed to raise any tort claim based on a July 23, 2008 injury, he had failed to comply with the FTCA's requirement that, before bringing an FTCA claim, he must file an administrative claim with the appropriate federal agency. (Id. at 4.)

### B. Loney's Pertinent Administrative Claim

By Memorandum Opinion and Order entered on November 26, 2014, the Court noted that Loney had submitted evidence reflecting that on or about October 31, 2010, Loney filed an administrative claim with the United States Postal Service ("October 31, 2010 Administrative Claim"). (See Resp. Mot. Dismiss Ex. 3, at 2, ECF No. 54.) On the administrative claim, Loney listed the date of the accident as "August 26, 2010." (Id.) In the form Loney complained:

3

> On and about July 19th and August 25th, 2010 F.C.C. Petersburg's Staff and Petersburg, Virginia's U.S.P.S., as a joint tortfeasor breached their duty to provide prompt, reliable, and efficient service by committing acts of fraud and conspiracy to deprive plaintiff of his civil and constitutional rights by not allowing the courts to utilize P.O. box 90043 as a mailable [sic] address to him. See attachment.[3]

(Id. Ex. 3, at 2.) In his attachments, Loney then made a series of disjointed complaints about how the staff at FCC Petersburg had mishandled his mail. (Id. at 3-5.) In particular Loney complained that he "almost lost [his] civil suit" because of postal misconduct. (Id. at 3.)[4] Additionally, Loney complains

---

[3] Loney also submits the United States Postal Service's denial of his administrative tort claim (Resp. Mot. Dismiss Ex. 6, at 1), and the United States Postal Service's denial of his request for reconsideration (id. Ex. 5, at 1).

[4] Loney's identifies the civil suit as "#3:08CV820." (Resp. Mot. Dismiss Ex. 3, at 3.) The Court's docket for the above referenced action, Loney v. Wilder, 3:08CV820 (E.D. Va.) reveals the following: on July 19, 2010, the United States Postal Service returned to the Court an order the Court had sent to Loney at "P.O. Box 90043," (ECF No. 42, at 1); the Postal Service marked the envelope "RETURN TO SENDER," "NOT DELIVERABLE AS ADDRESSED," and "UNABLE TO FORWARD," (id. at 5); thereafter, by Memorandum Opinion and Order, the Court dismissed that action without prejudice because it appeared Loney had moved without notifying the Court, (ECF Nos. 43, 44); the Memorandum Opinion and Order also were returned to the Court as undeliverable, (ECF No. 45); on September 13, 2010, Loney requested that the Court reinstate the action because, inter alia, "Petitioner was never transferred or relocated . . . . F.C.C. Petersburg's staff simply changed P.O. Box numbers from 90043 to 1000," (ECF No. 49, at 1); by Memorandum Opinion and Order entered October 26, 2010, the Court granted Loney's request and reinstated the action, (ECF Nos. 53, 54); and by Memorandum Opinion and Order entered February 24, 2012, the Court dismissed the action for reasons unrelated to any misdelivery or miscommunication about Loney's mailing address. (ECF Nos. 146-47.)

4

that some of his mail "was returned to [him] without a reason as to why" and opened outside of his presence. (Id. at 5.) Loney also states that "Mail Clerk Croomes tried to overcharge my mail. . . . . Inmate Luke Allen witnessed it." (Id.)[5]

In in its Supplemental Memorandum of Law, the United States argues Loney's FTCA claims pertaining to the handling of his mail were foreclosed "because the United States has not waived sovereign immunity for [such] claims . . . ." (Supp'l Mem. Law 3-4, ECF No. 60.)

---

In his original complaint in the present action Loney asserted that:

> On and about July 19th and August 25th, 2010 F.C.C. Petersburg's Staff and Petersburg, Virginia's U.S.P.S. . . . breached their duty . . . by not allowing the courts to utilize P.O. Box 90043 as a mailable address to him.
> Plaintiff's Civil Complaint No. 3:08CV820 was dismissed as a result of this misconduct on August 19, 2010.

(Compl. 2, ECF No. 1 (as paginated by CM/ECF).)

[5] The allegations in the Particularized Complaint reflect that Mail Clerk Croomes told Loney that it would cost $10.52 to mail a certified letter. (Part. Compl. ¶ 6.) Loney insisted that such amount was too much and refused to pay. (Id.) The next day, Loney returned, and Mail Clerk Copeland only charged Loney $7.68 to send the same letter, which Loney paid. (Id.) As Loney suffered no compensable injury, the Court dismisses as frivolous any claim by Loney suggesting he is entitled to compensation for the attempted overcharging. See 28 U.S.C. § 1915(e)(2).

5

## II. ANALYSIS

The United States is immune from suit except to the extent it consents by statute to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). The FTCA acts as a limited waiver of sovereign immunity, by permitting tort suits against the government. Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). Under the FTCA, the government consents to "actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law." Id. (citing 28 U.S.C. § 1346(b)).

Nevertheless, the sovereign immunity bar remains as to, inter alia, "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (hereinafter, "the postal exception"). Furthermore, courts must "scrupulously observe[ ]" the requirements for securing the government's waiver. Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citing United States v. Kubrick, 444 U.S. 111, 117-18 (1979)). Hence, a plaintiff must file his or her FTCA action "in careful compliance with its terms." Id. (citation omitted).

6

Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) (citing Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976)). Thus, Loney must demonstrate that he has properly presented an administrative claim in order to secure the Government's consent to suit. See Kokotis, 223 F.3d at 278.

According to the pertinent regulation for FTCA claims, an administrative claim is deemed presented,

> when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). In the administrative claim, a plaintiff must provide the federal agency with sufficient information to conduct an investigation, which includes "the identity of the

7

claimants and the nature of the claims." Farmers State Savs. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989) (internal citations omitted).

The Court notes that an inmate's use of the BOP's Administrative Remedy Program, see 28 C.F.R. § 542.10 et seq., fails to satisfy the requirement for presenting an administrative claim under the FTCA. See Ellis v. United States, No. 5:11-cv-00096, 2013 WL 4679933, at *15 n.4 (S.D. W. Va. Aug. 30, 2013).[6]

Here, the only pertinent administrative claim Loney filed with respect to the present action is the October 31, 2010 Administrative Claim. Loney's complaints in that Administrative Claim fall within the postal exception. "[T]he postal-matter exception preserves immunity for 'injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" Levasseur v. U.S. Postal Serv., 543 F.3d 23, 24 (1st Cir. 2008)

---

[6] Additionally, the following statute of limitations governs claims under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

8

(quoting Dolan v. U.S. Postal Serv., 546 U.S. 481, 489 (2006)). Loney's complaints that the Government improperly returned mail sent to a post office box and improperly opened his mail falls within the exception. See McCullough v. United States, 110 F. App'x 158, 159 (2d Cir. 2004) (concluding FTCA claim for invasion of privacy for opening of mail was barred by the postal exception). Accordingly, the Court lacks jurisdiction to entertain an FTCA claim based on these allegations.

The Government's Motion to Dismiss (ECF No. 46) will be granted. The action will be dismissed for lack of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to Loney and counsel for the United States.

It is so Ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 18, 2015